## CHERON v. CABIBI.

### No. 16296.

Court of Appeal of Louisiana. Orleans.

March 9, 1936.

Robert J. Ourso and Edw. K. Wunderlich, both of New Orleans, for appellant.

Prowell & McBride, of New Orleans, for appellee.

JANVIER, Judge.

Alta Cheron alleges that at about 5:15 o'clock on the afternoon of June 18, 1935, as he was passing the residence of Frank Cabibi, he was attacked and severely bit-

ten by a large dog belonging to and harbored by the said Cabibi, and that he sustained serious injuries as the result of the bite and also suffered great physical pain and mental anguish. He charges that the said dog had previously exhibited to the said Cabibi and to other persons vicious characteristics, and he prays for judgment against the said owner and harborer of the dog in the sum of $300 with interest.

Defendant admits that he owns a dog such as that described in plaintiff's petition, but he denies that it has ever exhibited vicious tendencies, and he particularly denies that the said plaintiff was bitten by it.

In the court below, there was judgment for defendant.

There is no controversy concerning the law which is applicable to cases of this character. It is conceded that in order to sustain a recovery, plaintiff must show that he was bitten, that the dog either belonged to or was harbored by defendant, that it had previously exhibited vicious tendencies, and that defendant knew or should have known of its characteristics. Woulfe v. D'Antoni (La.App.) 158 So. 394.

In an effort to prove that Cabibi knew or should have known of the vicious character of his dog, plaintiff placed upon the witness stand four witnesses, each of whom testified that he had previously been attacked by the dog and three of whom stated that they had been actually bitten by it. These witnesses testified that they had called upon defendant and had warned him that his dog was vicious.

Defendant contends that he had never been so notified, and further states that he had no knowledge that the dog had ever attacked any one. Other witnesses said that they were present when the dog attacked plaintiff, and they fixed the exact time and place at which the attack is said to have been made.

On the other hand, witnesses placed on the stand by defendant stated that they were present at that time and place and that no such occurrence had taken place.

Were the matter one in which we had not before us the finding of our brother below, it would present a question of fact very difficult of solution. He, however, saw all of the witnesses and was in a better situation than are we to determine just which group is mistaken.

His conclusion is not obviously erroneous. On the contrary, it would appear from the record that plaintiff has slightly overstated his case. If three other persons were bitten by the dog and one other was attacked and very much frightened by it, it is difficult for us to believe that some other suit would not have resulted. We find no fault with the judgment rendered by our brother below.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.